**Brian L. DIXON and Kent P. Gunden, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**Wayne A. STANTON, in his official capacity as Administrator of the Indiana Department of Public Welfare, Indiana State Board of Public Welfare, Indiana State Department of Public Welfare, Julie McGrath, in her official capacity as Supervisor of the Medicaid Eligibility Section of the Indiana Department of Public Welfare, Marion N. Steffy, in her official capacity as Director of the Division of Public Assistance of the Indiana Department of Public Welfare, Martha Spurgeon, in her official capacity as Director of the Elkhart County Department of Public Welfare, and County Department of Public Welfare of Elkhart County, Defendants.**

No. S 78–181.

United States District Court,
N. D. Indiana,
South Bend Division.

Feb. 28, 1979.

James D. Stevens, Elkhart, Ind., Ivan E. Bodensteiner, Indianapolis, Ind., for plaintiffs.

Robert J. Hepler, Goshen, Ind., Theodore L. Sendak, Atty. Gen. of Indiana, Indianapolis, Ind., for defendants.

## MEMORANDUM

ALLEN SHARP, District Judge.

On August 15, 1978, Brian L. Dixon and Kent P. Gunden filed a class action complaint seeking to challenge the policy and practice of the Indiana State Department of Public Welfare (hereinafter referred to as the State Department) in denying medical assistance pursuant to the Medicaid Program to developmentally disabled residents of group homes regulated by the Indiana Department of Mental Health.

At a pretrial conference held on October 27, 1978, this court approved a pretrial order which generally establishes the relevant facts and identifies the legal issues. Also at this conference, the court conditionally certified a class, pursuant to Rule 23(a) and (b)(2) of the F.R.C.P., consisting of "all present developmentally disabled residents of group home in the State of Indiana which are regulated by the Indiana Department of Mental Health pursuant to I.C. §§ 16–15–1–5–1 and 2, who are otherwise eligible for medicaid but cannot receive

such benefits because of the defendants' practice and policy of denying medicaid to such residents."

The named plaintiffs and members of the class are developmentally disabled residents of group homes regulated by the Indiana State Department of Mental Health. Plaintiffs claim that the practices and policies of the defendants in denying them medicaid benefits based upon the defendants' initial contention that the Department of Mental Health by law has assumed the financial responsibility for the medical care of patients who reside in a residential facility certified by the Department of Mental Health, deprives them of their rights guaranteed by the 14th Amendment to the United States Constitution and the Social Security Act, 42 U.S.C. § 1396a(a)(25) and the implementing regulations, 42 C.F.R. 433.-35(d) and (e).

In their Memorandum in Support of Motion for Partial Summary Judgment, the plaintiffs argued that federal statutes and regulations prevent the denial of medicaid benefits on the basis of third party liability for medical care which has not been currently established. The defendants' memorandum in no way addresses this issue. Rather, the defendants have responded by arguing that there is a new basis for the denial of medicaid to the plaintiffs and class members, i. e., they are residents of public institutions and as such would not have been covered by the state medicaid plan in effect on January 1, 1972.

At this point, it might be well for the court to point out that the defendants' interjection of the "public institution" issue is not only a deviation from the pretrial order but also interjects a new substantive issue in the case at bar. While this court is mindful of the case law interpreting Rule 16 of the Federal Rules of Civil Procedure which teaches that a pretrial order controls the subsequent course of the case, unless modified, this court, in its discretion, will consider the totality of the record so this case may be disposed of on the merits, *Taylor v. Reo Motors, Inc.,* 275 F.2d 699 (10th Cir. 1962); *Simpson Timber Co. v.*

*Palmberg Const. Co.,* 377 F.2d 380 (9th Cir. 1967); *Manbeck v. Ostrowski,* 128 U.S.App. D.C. 1, 384 F.2d 970 (1967), *cert. den.,* 390 U.S. 966, 88 S.Ct. 1077, 19 L.Ed.2d 1170 (1967).

The issue before the court is whether or not the institution in which the plaintiffs reside is a "public institution" as defined by the state medicaid plan in effect on January 1, 1972 which is determinative of their eligibility for medicaid benefits?

If the answer is in the affirmative, this court may well have to deny the plaintiffs' Motion for Summary Judgment. If the answer is in the negative, then the plaintiffs' Motion for Summary Judgment must be granted.

This court holds that the plaintiffs do not live in a public institution and therefore are eligible for medicaid assistance under the state plan in effect on January 1, 1972. Thus, plaintiffs' Motion for Partial Summary Judgment is therefore GRANTED.

In order to evaluate the present controversy, it is beneficial to briefly examine the history of the Medicaid Program.

The State of Indiana participates in the federal-state jointly funded Medicaid Program established by Title XIX of the Social Security Act, § 1901, *et seq.,* 42 U.S.C. § 1396, *et seq.* I.C. 12–1–7–14.9. By electing to participate in the Medicaid Program, Indiana has accepted all the provisions of the Social Security Act and agreed to comply with all requirements of the Act and the rules and regulations issued thereunder. I.C. 12–1–2–12.

Prior to January 1, 1974 the various states administered four categorical assistance programs. The programs consisted of the Old Age Assistance Program, the Aid to the Blind Program, the Aid to the Permanently and Totally Disabled Program and the Aid to Families with Dependent Children Program. On January 1, 1974 the federally funded Supplemental Security Income (SSI) Program replaced the former state categorical programs for Old Age Assistance, Aid to the Blind and Aid to the Permanently and Totally Disabled. In ad-

dition, the SSI Program liberalized income eligibility and benefits. As a result a greater amount of assistance was available to a larger number of recipients.

To compliment benefits available under the SSI Program, the various states were required to provide medical assistance to SSI recipients under the provisions of the Medicaid Program. 42 U.S.C. § 1396a(a). However, because of the liberalization of eligibility requirements under the SSI Program, states were faced with a vast increase in newly eligible Medicaid recipients. Because of the serious financial repercussions the various states would face from providing medical assistance to all SSI recipients, states were not required to provide Medicaid benefits to all such recipients. Through the provisions of 42 U.S.C. § 1396a(f), states were mandated to provide Medicaid benefits to those SSI recipients who would have been eligible for medical assistance under the state plan in effect on January 1, 1972. See also, H.R.Rep.No.92–231, 92d Cong., 1st Sess. (1971) at 147.

In the state plan in effect on January 1, 1972 in Indiana, there was no provision for providing medical assistance pursuant to the Medicaid Program to residents of a public institution similarly situated as plaintiffs herein.

The defendants assert that the plaintiffs are ineligible for medical assistance under the Medicaid Program because they are residents of public institutions. Defendants argue from an examination of statutory and regulatory provisions, principally I.C. 16–15–1.5–1, et seq., and Burns Administrative Rules and Regulations (16–15–1.5–2)–1, et seq., and their derivative provisions, governing the alternate residential care facilities, it is readily apparent that the alternate residential care facilities are public institutions providing an alternative place of residence for individuals who would otherwise be placed in a state hospital and training center administered by the Department of Mental Health. Because plaintiffs reside in and receive services from a public institution, plaintiffs are ineligible for medical assistance pursuant to the Medicaid Program.

The plaintiffs do not disagree with the defendants' legal analysis and import of 42 U.S.C. § 1396a(f) which allowed the states to grant medicaid benefits to all recipients of supplemental security income under the provisions of 42 U.S.C. § 1382 et seq., or limit medicaid benefits to those persons who are eligible for medical assistance under the State plan in effect on January 1, 1972. The State of Indiana elected to provide medicaid coverage only to those who are eligible under programs in effect on January 1, 1972. The plaintiffs do not argue that the State of Indiana has not exercised its option to provide medicaid benefits under the more restrictive formula, pursuant to the provisions of 42 U.S.C. § 1936a(f).

The point of departure for the plaintiffs and defendants concerns the determination of the legal nature of the plaintiffs' residence. The plaintiffs argue that when one weighs the facts relevant to the applicable federal law, the resulting legal determination of the institution is private and not public thereby meeting the more rigorous medicaid eligibility standards of January 1, 1972. This court agrees.

■ As to the applicable law, since the medicaid program is a federal program, the federal definition of "public institution" is binding upon participating states. 42 C.F.R. §§ 448.4(b)(2) and 448.60(a)(1) provide that federal financial participation is not available in medical assistance programs for services provided to any person who is "an inmate of a public institution." Under 42 C.F.R. § 448.60(b)(3), "public institution" is defined as "an institution that is the responsibility of a governmental unit or over which a governmental unit exercises administrative control."

■ When one examines the facts of this case it makes it apparent that the group homes administered by the Association for the Disabled of Elkhart County, are not "public institution" within the federal definition. Dr. Charles J. Seevers, the Executive Director of the Association for the Disabled of Elkhart County, Inc., stated in

paragraph two of his affidavit that "the Association for the Disabled of Elkhart County, Inc., is a not-for-profit corporation organized in accordance with Chapter 157 of the Acts of 1935 ('The Indiana Not-For-Profit Act')." In paragraph three Dr. Seevers states "that the Association for the Disabled of Elkhart County, Inc. is exempt from federal income tax under Section 501(c)(3) of the Internal Revenue Code of 1954." In paragraph eight Dr. Seevers states "that there is no governmental unit which exercises administrative control over affairs of the Association for the Disabled of Elkhart County, Inc."

Robert W. Spaulding, the Director of Community Services Programs of the Division on Mental Retardation and Other Developmental Disability of the Indiana Department of Mental Health stated in paragraphs five and six of an affidavit attached to the plaintiffs' original Memorandum in Support of their Motion for Summary Judgment that the relationship between the Department of Mental Health and private Not-For Profit Corporations is contractually based pursuant to the provisions of I.C. 16–13–1–9. He has also indicated, in an affidavit dated January 10, 1979, that the "Department does not exercise . . . administrative control over the alternate residential facilities," such as the group homes operated by the Association for the Disabled of Elkhart County, Inc.

The above facts establish that the Association for the Disabled of Elkhart County, Inc. is a private Not-For Profit Corporation which has contracted with the State Department of Mental Health. While it must, pursuant to this contract, meet certain state requirements, it certainly is not the "responsibility of the Department of Mental Health" nor does the Department of Mental Health exercise "administrative control" over it. Therefore, the plaintiffs are not excluded from medicaid eligibility under January 1972 standards by the fact that they reside in group homes operated by the Association for the Disabled of Elkhart County, Inc.

Since the plaintiffs do not reside in a "public institution" as defined by the state medicaid plan in effect on January 1, 1972, *supra,* and are therefore eligible for medicaid benefits, this court does not need to address any other issue raised in this case.

### RELIEF

The plaintiffs are now afforded the following relief.

1. A declaratory judgment that the Association for the Disabled of Elkhart County, Inc. and the other agencies operating group homes for the developmentally disabled under contract with the Indiana State Department of Mental Health are not "public institutions" as defined in federal medicaid regulations effective January 1, 1972 (45 C.F.R. § 248.60(b)(3)), and currently 42 C.F.R. 435.1009(e));

2. A permanent injunction enjoining the defendants from denying medicaid benefits to the plaintiffs and members of the plaintiff class solely on the basis of the defendants' contentions that they are residents of "public institutions;"

3. An order requiring the state defendants to submit a proposed plan, for implementing the declaratory and injunctive relief granted above, to the court and counsel for the plaintiffs within 30 days; and

4. An order requiring the state defendants to notify all plaintiffs and members of the class of their right to apply or have their application reconsidered in light of this judgment and the means by which they can file such applications or requests for reconsideration.

So Ordered.